**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Anthony Randal-Ashley Villebrun,

Plaintiff,

v.

Brandon Keith Nienaber,

Defendant.

No. 24-cv-504 (KMM/LIB)

**ORDER ON**
**MOTIONS *IN LIMINE***

---

In this case, Plaintiff Anthony Randal-Ashely Villebrun alleges that Defendant Brandon Keith Nienaber is liable under 42 U.S.C. § 1983 for violating his Fourth Amendment rights. Specifically, Mr. Villebrun claims that Officer Nienaber used excessive force when he deployed a taser twice during Mr. Villebrun's arrest in October 2021. This matter is set for trial on September 21, 2026. The Court held a pretrial conference on September 9, 2026 where, among other issues, the Court heard argument on the pending motions *in limine*. The Court issued ruled on the motions from the bench, and this Order memorializes the Court's decision.

**1. Plaintiff's Motion to Exclude Bad Acts Evidence (Dkt. 57).** Mr. Villebrun asks the Court to exclude and otherwise limit the admissibility of evidence concerning prior convictions and other past conduct pursuant to Federal Rules of Evidence 403 and 404(b). As stated at the hearing, this motion is **GRANTED IN PART**, **DENIED IN PART**, and the Court **RESERVES A RULING** on certain matters presented by the hearing. First, the Court notes that some issues raised in the motion have been rendered moot by the parties'

agreement, and the motion is denied to that extent. For example, Mr. Villebrun asks the Court to exclude evidence concerning the nature of his 2019 conviction for illegal possession of a firearm and ammunition in Becker County District Court, and Officer Nienaber does not dispute that such evidence should not come in. Similarly, although not addressed in the motions, both sides agree that certain prior convictions are admissible for impeachment purposes under Fed. R. Evid. 609. And with the agreement of all counsel, the motion is granted to the extent that no evidence, testimony, or argument will be permitted concerning Mr. Villebrun's current custodial status and Mr. Villebrun shall be permitted to appear in the courtroom during trial in civilian clothing.

Finally, Mr. Villebrun argues that the Court should exclude any evidence of his prior chemical use, abuse, or dependency, and any evidence of other alleged bad acts that did not result in a conviction. The motion is granted in part, denied in part, and the Court reserves ruling on certain matters. The motion is denied to the extent that the Court will allow testimony concerning the throwing of a bag from the window of the vehicle Mr. Villebrun was driving during the car chase that preceded his arrest by Officer Nienaber. The motion is granted to the extent that the Court will not permit testimony concerning the needles observed in Mr. Villebrun's vehicle after his arrest was complete. The motion is further granted to the extent that the Court will exclude evidence of medical diagnoses reflected in Mr. Villebrun's medical records regarding drug use, and Plaintiff's counsel may redact those references from the appropriate exhibits. The Court reserves ruling on whether testimony or other evidence may be offered concerning Mr. Villebrun's drug use to impeach his credibility or to contest his claimed damages. The Court's ruling on the

admissibility of these matters will depend on the Plaintiff's own testimony and how the evidence is presented at trial.

**2. Plaintiff's Motion to Exclude Expert Evidence (Dkt. 58).** Mr. Villebrun seeks to exclude aspects of the testimony of Mark Bruley, Chief of Police for Brooklyn Park, who was retained by Officer Nienaber as an expert witness. Mr. Villebrun argues that Chief Bruley's testimony should be excluded because his "report contains improper and inadmissible opinions and conclusions. He opines on ultimate issues and legal conclusions, he resolves disputed facts, and he vouches for the defendant's position." (Dkt. 59 at 2; *see also* Dkt. 28 at 20–23 (seeking exclusion of Chief Bruley's testimony on summary judgment).) Consistent with the Court's ruling on this motion at the pretrial conference, Mr. Villebrun's motion to exclude expert testimony is **DENIED IN PART** and the Court partially **RESERVES RULING**. The motion is largely denied in that Chief Bruley will be permitted to testify in response to hypothetical questions and to offer opinion testimony as a concededly qualified expert on issues relating to the use of force under the circumstances presented by this case. Chief Bruley's opinion testimony is not inadmissible merely because it may "embrace[] an ultimate issue." Fed. R. Evid. 704(a). The Court reserves ruling on any potential objections to the nature of Chief Bruley's opinion testimony that may arise during trial depending on the specific line of inquiry that defense counsel explores.

**IT IS SO ORDERED**.

Date: September 17, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge